ORIGINAL

Approved: _____
NICHOLAS W. CHIUCHIOLO
Assistant United States Attorney

Before:    HONORABLE HENRY B. PITMAN
           United States Magistrate Judge
           Southern District of New York

19MAG 7600

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :   COMPLAINT
                                    :
       - v. -                       :   Violations of 21 U.S.C.
                                    :   § 846; 18 U.S.C. §§
TIFFANY DAYS, and                   :   924(c) & 2
KENJONNA VIOLET PATRICIA LEVY,      :
                                    :   COUNTY OF OFFENSE:
           Defendants.              :   BRONX
                                    :
------------------------------------x

STATE OF NEW YORK            ) ss:
SOUTHERN DISTRICT OF NEW YORK )

       DANIEL ROBLES, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

       1.   In or about August 2019, in the Southern District of New York and elsewhere, TIFFANY DAYS and KENJONNA VIOLET PATRICIA LEVY, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

       2.   It was a part and object of the conspiracy that TIFFANY DAYS and KENJONNA VIOLET PATRICIA LEVY, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

       3.   The controlled substance that TIFFANY DAYS and KENJONNA VIOLET PATRICIA LEVY, the defendants, conspired to distribute and possess with intent to distribute was 500 grams

and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT TWO
### (Firearms Offense)

4. On or about August 14, 2019, in the Southern District of New York and elsewhere, TIFFANY DAYS and KENJONNA VIOLET PATRICIA LEVY, the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics conspiracy charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

The bases for my knowledge of the foregoing charges are, in part, as follows:

5. I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where figures, calculations, and dates are set forth herein, they are approximate, unless stated otherwise.

6. Based on my participation in this investigation, including my review of reports and my conversations with other law enforcement officers, I am aware of the following, in substance and among other things:

  a. On or about August 10, 2019, the Customs and Border Protection Agency ("CBP") intercepted a postal package (the "Package") in Puerto Rico that had been sent from St. Thomas, Virgin Islands. CBP identified the Package as

suspicious, and, pursuant to their authority to conduct border searches, opened the Package and reviewed its contents. The Package contained numerous lotion tubes. CBP officers subsequently tested the contents of the tubes, which tested positive for the presence of cocaine and weighed approximately 1.12 kilograms.

        b.    The Package was addressed to "Kenjonna Levy" at a specific address in the Bronx, New York (the "Bronx Apartment").

        c.    On or about August 13, 2019, the Honorable Henry B. Pitman, United States Magistrate Judge for the Southern District of New York, signed an anticipatory search warrant for the Bronx Apartment, which authorized law enforcement agents to search the Bronx Apartment upon the satisfaction of certain conditions, including the delivery of the Package to the Bronx Apartment.

        d.    On or about August 14, 2019, at approximately 1:35 p.m., a United States Postal Inspection Service ("USPIS") officer, posing as a postal carrier, delivered the Package to the Bronx Apartment. After the USPIS officer knocked on the front door to the Bronx Apartment, an individual later identified as TIFFANY DAYS, the defendant, answered the door and identified herself as "Levy," and signed for the package as "Levy." As described above, the Package was addressed to "Kenjonna Levy."

        e.    Several minutes later, law enforcement officers knocked on the front door to the Bronx Apartment and identified themselves as law enforcement officers. An individual ("Individual-1") opened the door to the Bronx Apartment, and I and other law enforcement officers entered the apartment and announced our presence. Upon entering the Bronx Apartment, which has one bedroom (the "Bedroom"), as well as a bed set up in the living area, I observed DAYS and an individual later identified as KENJONNA VIOLET PATRICIA LEVY, the defendant, together in the Bronx Apartment's Bedroom. Officers handcuffed the four individuals present inside the Bronx Apartment, including DAYS, LEVY, and Individual-1, and began executing the search warrant.

        f.    From inside the Bedroom, law enforcement officers seized, among other things, the following items:

                i.    One nineteen millimeter handgun that was in a shoe;

    ii. One box containing approximately forty rounds of ammunition that was in the same shoe with the gun;

    iii. Multiple bags containing a rock-like substance that appeared, based on my training and experience, to be crack cocaine;

    iv. Multiple bags containing white and brown powdery substances that appeared, based on my training and experience, to be cocaine and possibly heroin;

    v. Multiple clear bags containing what appeared, based on my training and experience, to be marijuana;

    vi. One box containing multiple empty glassine bags, which I am aware, based on my training and experience, are commonly used by narcotics distributors to package and sell narcotics;

    vii. Four scales, which I am aware, based on my training and experience, are commonly used by narcotics distributers to weigh narcotics for packaging and distribution;

    viii. Various documents that appeared, based on my training and experience, to be drug ledgers; and

    ix. Multiple cellphones.

    g. After conducting the search of the Bronx Apartment, law enforcement officers advised Individual-1 of her *Miranda* rights, and Individual-1 agreed to waive those rights. Individual-1 told officers, in substance and in part, that Individual-1 is the tenant of the Bronx Apartment, but she leases the Bedroom to DAYS, and that LEVY frequently sleeps in the Bedroom. As described above, when law enforcement officers entered the Bronx Apartment, DAYS and LEVY were in the Bedroom, along with the firearm and an array of narcotics and narcotics trafficking paraphernalia.

h.  After conducting the search of the Bronx Apartment, law enforcement officers advised LEVY of her *Miranda* rights, and LEVY agreed to waive those rights.  LEVY told officers, in substance and in part, that she sleeps in the Bedroom multiple times per week, that the cable bill to the Bronx Apartment is in LEVY's name, and that LEVY and DAYS have each ordered packages using the other's name in the past.

i.  After conducting the search of the Bronx Apartment, law enforcement officers advised DAYS of her *Miranda* rights.  After the search, and before leaving the Bronx Apartment to be processed, DAYS asked officers to lock the door to the Bedroom.

WHEREFORE, I respectfully request that TIFFANY DAYS and KENJONNA VIOLET PATRICIA LEVY, the defendants, be imprisoned or bailed as the case may be.

_____
DANIEL ROBLES
Special Agent
Drug Enforcement Administration


Sworn to before me this
15th Day of August, 2019

_____
THE HONORABLE HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5